UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION, <br><br> Movant, <br><br> v. <br><br> LSI CORPORATION. <br><br> Respondent. | Case No. 5:14-mc-80197-BLF-PSG <br><br> **ORDER GRANTING REALTEK'S MOTION TO COMPEL** <br><br> **(Re: Docket No. 1)** |

Before the court is Realtek Semiconductor Corporation's motion to compel LSI Corporation.[1]  LSI opposes.  On August 19, 2014, the parties appeared for a hearing.[2]  Having considered the arguments, the Court GRANTS Realtek's motion.

## I. BACKGROUND

On August 27, 2012, Commonwealth Scientific and Industrial Research Organisation filed a complaint in the Eastern District of Texas alleging Realtek infringed a patent relating to the IEEE 802.11 industry wireless local area network standard.[3]  To support its defense that CSIRO failed to

---

[1] *See* Docket No. 1.

[2] *See* Docket No. 14.

[3] *See Commonwealth Scientific and Industrial Research Organization v. MediaTek Inc., et al.,* Case No. 6:12-cv-00578-LED, Docket No. 1 (E.D. Tex. 2012).

1

comply with its obligation to license the patent on reasonable and non-discriminatory terms, Realtek seeks to introduce materials from its prior litigation against LSI in this court.[4] In the Realtek-LSI litigation, the court held that LSI breached its contract with the IEEE to license two 802.11 standard essential patents.[5] On April 29, 2014, Realtek served a subpoena requiring LSI to produce all documents related to its 802.11 RAND patent licensing obligations and the calculation of a RAND patent royalty that were "relied on or referenced in any way at trial, summary judgment proceedings, hearings, depositions, post-trial proceedings, or in expert reports."[6]

## II. LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to command a nonparty to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises."[7] "It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)."[8] Rule 26(b) authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[9]

Although relevance is broadly construed pursuant to Rule 26, it does have "ultimate and necessary boundaries."[10] While discovery should not be unnecessarily restricted, a court may limit

---

[4] *See Realtek Semiconductor Corp. v. LSI Corp.,* 946 F. Supp. 2d 998, 1008 (N.D. Cal. 2013).

[5] *See id.*

[6] Docket No. 1, Ex. A.

[7] Fed. R. Civ. P. 45(a)(1)(A)(iii).

[8] *Edwards v. California Dairies, Inc.*, Case No. 1:14-mc-00007-SAB, 2014 WL 2465934, at *1 (E.D. Cal. June 2, 2014) (citing *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center*, 211 F.R.D. 648, 662 (D. Kan. 2003) (quoting the Advisory Committee Notes to the 1970 Amendment of Rule 45(d)(1) and explaining that the amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.")).

[9] Fed. R. Civ. P. 26(b)(1).

discovery if "the discovery sought" is "obtainable from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit."[11] Discovery also may be limited to "protect third parties from harassment, inconvenience, or disclosure of confidential documents."[12] A "court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena."[13]

"Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden shifts to the party opposing discovery."[14] "An opposing party can meet its burden by demonstrating that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information."[15] A nonparty withholding subpoenaed information on the grounds of privilege must serve a privilege log describing the nature of the documents withheld so that the other parties may assess the privilege claimed.[16]

---

[10] *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted); *see also In re Subpoena to Apple, Inc.*, Case No. 5:14-mc-80139, 2014 U.S. Dist. LEXIS 84357 (N.D. Cal. June 19, 2014).

[11] Fed. R. Civ. P. 45(c)(3)(A)(iv); Fed. R. Civ. P. 26(b)(2)(c).

[12] *Dart Industries Co., Inc v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (citations omitted).

[13] *Gonzales,* 234 F.R.D. at 680 (citing *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)).

[14] *Khalilpour v. CELLCO P-ship*, Case No. 3:09-cv-02712-CW-MEJ, 2010 WL 1267749, at *1 (N.D. Cal. Apr. 1, 2010) (citing *Ellison v. Patterson-UTI Drilling*, Case No. V-08-67, 2009 WL 3247193, at *2 (S.D. Tex. Sept. 23, 2009) ("Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted.").

[15] *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353, n.17 (1978) (noting that "discovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discovery.").

Fed. R. Civ. P. 45(d)(2)(B)(ii) "states that, when a court orders compliance with a subpoena over an objection, 'the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.'"[17] Only "two considerations are relevant" under Fed. R. Civ. P. 45(d)(2)(B)(ii); "[1] whether the subpoena imposes expenses on the non-party, and [2] whether those expenses are 'significant. If these two requirements are satisfied, the court must protect the non-party by requiring the party seeking discovery to bear at least enough of the expense to render the remainder 'non-significant.'"[18]

### III. DISCUSSION

LSI does not contest Realtek's authority to issue the subpoena.[19] LSI instead urges that Realtek's subpoena is not relevant to the CSIRO litigation nor reasonably calculated to lead to the discovery of admissible evidence, the subpoena seeks confidential information subject to a protective order, and the categories of information sought by the subpoena are overly broad.[20] The court disagrees.

First, LSI argues that the information is not relevant to the determination of a reasonable royalty rate because the patent royalties discussed in the Realtek-LSI dispute were limited to the particular patents at issue in that case.[21] LSI may be right when it points out that hundreds of patents are designated as essential to the 802.11 standard and that the CSIRO patent covers a

---

[16] *See* Fed. R. Civ. P. 45(d)(2)(A)(ii); *see also Compaq Computer Corp. v. Packard Bell Electronics, Inc,.* 163 F.R.D. 329, 337 (N.D. Cal. 1995) (ordering production of privilege log to substantiate nonparty's objections to subpoena).

[17] *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (quoting Fed. R. Civ. P. 45(d)(2)(B)(ii)).

[18] *Id.* (quoting *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001)) (internal quotations omitted).

[19] *See* Docket No. 10 at 3.

[20] *See* Docket No. 10.

[21] *See id.* at 5.

4
Case No. 5:14-mc-80197-BLF-PSG
ORDER GRANTING REALTEK'S MOTION TO COMPEL

different aspect of this standard than the inventions in the previous litigation. But the standard for discovery under Rule 26(b) only requires that the documents be reasonably calculated to lead to the discovery of admissible evidence.[22] Two houses on the same block may have very different features, and yet a real estate appraiser's report will usually consider both. The patents at issue here were all asserted against Realtek and were all declared essential to the 802.11 standard. In addition, the patents are all claimed to be subject to an identical RAND commitment. In short, while the factual differences between the LSI and CSIRO cases may dampen the probative value of the evidence, the discoverability of the evidence cannot be disputed.

Second, LSI's confidentiality concerns do not warrant any modification of the subpoena. The protective order in place in both lawsuits provides sufficient protection for whatever confidential information is included in the materials at issue.

Third, LSI again may be right that "courts tend to find document requests seeking all documents related to a claim or defense as lacking particularity."[23] Realtek requests "all documents related to RAND patent licensing obligations" and "all documents related to the calculation of a RAND patent royalty."[24] But LSI overlooks the additional requirement of the subpoena that limits the request to only those documents "which were relied upon or referenced at trial."[25] Because these documents are all gathered and are in the hands of counsel, LSI's burden of production is limited and does not warrant any shifting of expenses.

In sum, the discovery sought is warranted. LSI shall produce all responsive documents within 14 days.

---

[22] *See* Fed. R. Civ. P. 26(b)(1).

[23] *See* Docket No. 10 at 8 (citing *Lopez v. Chertoff*, Case No. 07-cv-1566-LEW, 2009 WL 1575214, at *2 (E.D. Cal. June 2, 2009)).

[24] *See* Docket No. 10.

[25] *Id*.

**IT IS SO ORDERED.**

Dated: September 3, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge